**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TEXARKANA DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | |
| | § | **CASE NO. 19-50058-btr** |
| **STEPHEN T. BOLLS AND JANET BOLLS,** | § | |
|     Debtors | § | **Chapter 7** |
| _____ | § | _____ |
| | § | |
| **AMY BOLLS KASLING, ATTORNEY IN** | § | **ADV NO. 20-ap-05001** |
| **FACT FOR JACK BOLLS,** | § | |
|     Plaintiff, | § | |
| | § | |
| **v.** | § | |
| | § | |
| **BANK OZK,** | § | |
|     Defendant | § | |

## DEFENDANT'S MOTION TO DISMISS AND BRIEF IN SUPPORT

Defendant Bank OZK ("Defendant") files this *Motion to Dismiss and Brief in Support* (the "Motion"), pursuant to Federal Bankruptcy Rule 7012(b) and Federal Rule of Civil Procedure 12(b)(6), and respectfully shows as follows:

### I. SUMMARY

On March 11, 2019, Stephen T. Bolls and Janet Bolls (the "Debtors") filed for bankruptcy protection under chapter 7 of title 11 of the United States Code. Debtor Stephen T. Bolls and Jack T. Bolls executed a certain promissory note in the original principal amount of $426,337.95 (the "Note"). Defendant is the entity entitled to enforce the Note.

The Note is secured by certain collateral including the following:

- real property located in Miller County, Arkansas, and commonly identified as E 58th St., Miller County, AR 71854 ("Miller County Property")
- real property located in Bowie County, Texas, and commonly identified as Block 2 and Lot 5, Block 2, summer place addition, Bowie County, TX 75503 ("Bowie County Property"); and
- whole life insurance policy number 40833642 in the amount of $535,788.80 on the life of J T Bolls and S K Bolls (the "Insurance Policy")

The Note is currently in default. On December 31, 2019, Defendant filed a motion for relief from the automatic stay in the underlying Chapter 7 wherein it requested leave to enforce its remedies as a result of the default. [ECF Doc. No. 52].

On March 2, 2020, Plaintiff Amy Bolls Kasling, Attorney in Fact for Jack Bolls ("Plaintiff") filed her *Plaintiff's Original Complaint* (the "Complaint). [ECF Doc. No. 1]. The allegations in the Complaint relate to the Miller County Property, the Bowie County Property and the Insurance Policy. (*See* Complaint at ⁋⁋13-14). More specifically, Plaintiff seeks to determine the extent, priority and validity of the aforementioned collateral; this is the only cause of action. (*Id*. at ⁋⁋16-18). Plaintiff requests that the Court find that the deeds of trust securing the Miller County Property and the Bowie County Property and the pledge of the Insurance Policy are invalid and of no force and effect. (*Id*.)

The Complaint, however, fails to establish a basis for the relief requested. Further, the nature of the Complaint makes it impossible for Defendant to defend the claims asserted against it. Accordingly, Plaintiff's claims must be dismissed.

## II. STANDARD

Rule 8, which governs pleading requirements, is incorporated into Bankruptcy Rule 7008. In relevant part, Rule 8(a)(2) requires that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Rule 12(b), which governs a motion to dismiss, is incorporated into Bankruptcy Rule 7012(b). Rule 12(b)(6) provides that a complaint can be dismissed for "failure to state a claim upon which relief can be granted."

Under Rule 12(b)(6), a case must be dismissed when the allegations asserted in the complaint "fail[] to state a claim upon which relief may be granted." FED. R. CIV. P. 12(b)(6). Under the 12(b)(6) standard, a court cannot look beyond the pleadings. *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). Pleadings must show specific, well-pleaded facts, not mere

conclusory allegations. *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992). The court must accept those well-pleaded facts as true and view them in the light most favorable to the plaintiff. *Id*. Although "detailed factual allegations" are not necessary, a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555, 127 S. Ct. 1955, 1965 (2007). The alleged facts must "raise a right to relief above the speculative level." *Id*. In short, a complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief <u>that is plausible on its face</u>." *Id*. at 570. [emphasis added].

### III. ARGUMENT AND AUTHORITIES

Plaintiff's Complaint must be dismissed because it fails to state a valid claim for relief. The Complaint asks the Court to invalidate certain collateral that secures repayment of the Note held by Defendant. However, the Complaint fails to articulate a valid basis to invalidate those instruments. The Complaint's allegations are self-contradictory and incongruous. Even assuming all allegations as true, the Complaint fails to assert a claim to relief that is plausible on its face.

An adversary proceeding is required to "determine the validity, priority, or extent of a lien or other interest in property." Fed. R. Bankr. P. 7001(2). This is presumably, what Plaintiff is attempting to accomplish. The Bankruptcy Code does not define "validity;" however, the Court may consider the ordinary meaning of the term. *See In re Shank*, 569 B.R. 238, 252 (Bankr. S.D. Tex. 2017). If Plaintiff is attempting to invalidate Defendant's lien then the Complaint fails to show why the Court should acquiesce.

Paragraph 16 of the Complaint states that: "Stephen Bolls exerted <u>undue influence</u> over Jack Bolls to obtain his signature at a time when he <u>lacked the capacity</u> to consent due to his dementia." [emphasis added]. If Plaintiff is asserting that Stephen Bolls exerted undue influence

then the claim must fail for one simple reason: an allegation of undue influence assumes the existence of mental capacity. *See Lowery v. Saunders*, 666 S.W.2d 226, 233 (Tex. App.—San Antonio 1984, writ ref'd n.r.e.); *Wisdom v. Peek*, 220 S.W. 210, 212 (Tex. Civ. App. 1920). Applied here if the allegation is that Jack Bolls lacked capacity to consent then there could also be no undue influence. *See In the Estate of Lynch*, 350 S.W.3d 130, 134 (Tex. App.—San Antonio 2011, pet. denied) ("a finding of [mental] incapacity and undue influence are in conflict").

"Determining whether a complaint states a plausible claim is context-specific, requiring the reviewing court to draw on its experience and common sense." *Ashcroft v. Iqbal*, 556 U.S. 662, 679, 129 S. Ct. 1937, 1950 (2009). Here, common sense would dictate that a finding of undue influence is impossible if Jack Bolls was allegedly lacking mental capacity. Thus, Plaintiff's claim that the security instruments must be voided for undue influence fails on its face. The Complaint therefore fails to state a claim for relief.

WHEREFORE, PREMISES CONSIDERED, Defendant respectfully prays that the Court dismiss Plaintiff's claims with prejudice and grant Defendant all other relief to which it may be justly entitled.

Respectfully submitted,

By: ___/s/ Stephen Wu___
    **STEPEHN WU**
    Texas Bar No. 24042396
    swu@mwzmlaw.com

**MACKIE WOLF ZIENTZ & MANN, P. C.**
14160 North Dallas Parkway, Suite 900
Dallas, Texas 75254
Telephone: (214) 635-2650

*Attorneys for Bank OZK*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served on March 13, 2020 as stated below on the following:

Via ECF Notification:
Stephen W. Sather
ssather@bn-lawyers.com
BARRON & NEWBURGER, P.C.
7320 N. Mopac Expressway
Greystone II, Suite 400
Austin, Texas 78731
*Counsel for Plaintiff*

/s/ Stephen Wu
**STEPHEN WU**