IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| IN RE: § § | | |
| Stephen T. Bolls and Janet Bolls § Debtors § § | | CASE NO.  19-50058-btr (CHAPTER 7) |
| Amy Bolls Kasling, Attorney in Fact for Jack Bolls, Plaintiff § § § v. § Bank OZK, Defendant § § § | | ADV. NO. 20-5001 |

## PLAINTIFF'S RESPONSE TO MOTION TO DISMISS

Amy Bolls Kasling, Attorney in Fact for Jack Bolls, Plaintiff, files this Response to Motion to Dismiss as follows:

1. Plaintiff sued Bank OZK for a determination that certain liens granted by Jack Bolls were invalid.

2. Defendant has filed a Response asserting that the Complaint fails to state a cause of action.

3. As correctly noted by Defendant, a Complaint must state "enough facts to state a claim to relief that is plausible on its face."

4. Defendant asserts that the Complaint does not state sufficient facts. However, Defendant does this by ignoring most of the facts pled. The Complaint makes the following specific factual allegations:

1

a. Jack Bolls is the father of Debtor Stephen Bolls and Plaintiff Amy Bolls Kasling.

b. On or about May 9, 1988, Jack Bolls and his wife, Sandra Bolls, created the Jack and Sandra Bolls Trust. Stephen Bolls was the Trustee of the Trust.

c. At some point in time, whole life insurance policy number 40833642 in the amount of $535,788.80 on the life of J T Bolls and S K Bolls, issued by John Hancock Life Insurance Company was conveyed to the Trust.

d. In 2016 or 2017, Stephen Bolls borrowed $425,000 from Defendant to open two yogurt shops and a pastry shop. The note was not collateralized by any property belonging to Jack Bolls.

e. On December 25, 2018, Jack Bolls was hospitalized. He was disoriented and experiencing memory issues.

f. On December 28, 2018, Jack Bolls was diagnosed with dementia.

g. On December 31, 2018, Stephen Bolls took Jack Bolls to a branch of Defendant Bank OZK. At the Bank, Jack Bolls was asked to sign a promissory note in the amount of $426,337.95. Upon information and belief, this note was a renewal of the prior note given by Stephen Bolls.

h. Jack Bolls was also asked to sign a deed of trust in which he pledged real estate located in Miller County, Arkansas and Bowie County, Texas. True and correct copies of the deeds of trust are attached as Exhibits B and C.

i. Defendant has also alleged that whole life insurance policy number 40833642 was pledged as collateral for the loan. However, Plaintiff has not seen a copy of this instrument.

j. Jack Bolls did not receive any consideration in exchange for signing the note and executing the collateral documents.

5. The Complaint makes three requests for relief:

   a. A finding that Jack Bolls is not liable on the promissory note;

   b. A finding that a purported pledge of a life insurance policy is invalid; and

   c. A finding that two deeds of trust are invalid.

6. The claims for relief with respect to the promissory note and deed of trust both rely upon lack of capacity to contract. Under Texas law, a contract entered into by a person without mental capacity is void. *Oak Crest Manor Nursing Home, LLC v. Barba*, 2016 Tex. App. LEXIS 12710 (Tex. App.—Austin, 2016, no pet.).

> To possess "mental capacity" to contract, (the contracting party), at the time of contracting, must have "appreciated the effect of what he was doing and understood the nature and consequences of his acts and the business he was transacting." Mental capacity, or lack thereof, may be shown by "circumstantial evidence, including: (1) a person's outward conduct, manifesting an inward and causing condition; (2) any pre-existing external circumstances tending to produce a special mental condition; and (3) the prior or subsequent existence of a mental condition from which a person's mental capacity (or incapacity) at the time in question may be inferred." As a general rule, the question of whether a person, at the time of contracting, knows or understands the nature and consequences of her actions is a question of fact for the jury (cleaned up).

*In the Estate of Minton*, 2014 Tex. App. LEXIS 1061 (Tex. App.—Corpus Christi, 2014, no pet.).

7. Plaintiff has alleged that on December 25, 2018, Jack Bolls was hospitalized and was disoriented and experiencing memory issues. Three days later on December 28, 2018, he was diagnosed with dementia. The documents in question were signed on December 31, 2018.

3

These properly pleaded facts are sufficient to make a plausible case that Jack Bolls lacked capacity to contract on December 31, 2018.

8. Defendant's motion does not address the claims with respect to the purported assignment of the life insurance policy. However, the allegations that no copy of the alleged assignment has been produced, that Stephen Bolls was the trustee of the trust which owned the policy and that the alleged assignment was for the benefit of a fiduciary are sufficient to make it plausible either that the assignment does not exist or is void based on a fiduciary's self-dealing.

9. Defendant's Motion should be denied.

        Respectfully Submitted,

        **BARRON & NEWBURGER, P.C.**
        7320 N. Mopac Expressway
        Greystone II, Suite 400
        Austin, Texas 78731
        (512) 476-9103, x 220 /(512) 476-9253 Facsimile
        ssather@bn-lawyers.com

By:   /s/ *Stephen W. Sather*
       Stephen W. Sather, SBN. 17657520
       Barbara M. Barron, SBN 01817300
       **ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I hereby certify that on March 24, 2020, the foregoing pleading was served via this Court's ECF notification system and a true and correct copy of the foregoing was sent via United States first-class mail to the parties listed below:

Stephen Wu
Mackie Wolf Zientz & Mann, P.C.
14160 North Dallas Parkway, Suite 900
Dallas, TX 75254